Daniels, J.
The application is made on behalf of the plaintiff to punish the defendant’s attorney for refusing to pay over money received by him as the costs of opposing a motion for a new trial, which it was held should not have been allowed by a modification of the order on appeal]5 and the attorney has been ordered to pay over to the plaintiff or his attorney the amount of costs so received by him, which was ascertained and declared in the order. He has failed to make such payment after the service of a copy of the order upon him; the original certified by the clerk being at the same time exhibited, and for that failure it is insisted on behalf of the plaintiff that he may be punished for a contempt.
That the order was right directing the restitution of the *464 money so received, follows from sec. 1323 of the Code of Civil Procedure. For that has prescribed where an order is modified upon an appeal, the appellate court or general term of the same court, as the case may be, may make or compel a restitution of property, or of a right lost by means of the erroneous order, and the plaintiff was so deprived of the amount directed to be paid by the order in consequence of an erroneous determination as to the amount of costs which the defendant’s attorney was entitled to receive upon the denial of the motion for the new trial. But while the plaintiff is entitled to this restitution it has not been provided that the attorney, or party failing to make it, shall be punished for such failure by way of proceedings for a contempt. It has been provided on the contrary, by sec. 16 of the Code, that a party shall not be arrested or imprisoned for disobedience to a judgment or order requiring the payment of money due upon a contract express or implied, except where it is otherwise specially prescribed by law. There is no special provision of law subjecting a party or an attorney to arrest or imprisonment for the nonpayment of money under these circumstances, and, as the obligation to pay is one that is derived by implication of law, it is upon a contract, and this provision forbids the imprisonment of the party in default. Where money has been received under an erroneous decision as this was, and that decision has been reversed, the party receiving it is equitably bound to refund it, and the law will imply a promise on his part to pay it over, as it. will ordinarily in cases where' one person receives money belonging to or for the use of another. The remedy for the case has been provided by sec. 779 of the Code, which declares where costs of a motion, or any other sum of money directed by an order to be paid, are not paid within the time fixed for that purpose by the order, or if no time is so fixed within ten days after the service of a copy of the order, an execution against the personal property only of thé party required to pay over may be issued to any party or person to whom the costs or sum of money is made payable by the order. This section plainly includes the application now before the court, and has prescribed the remedy which must be followed for the recovery of the money, and that is by issuing an execution against the personal property of the party required to make the payment.
The motion which has now been made must, therefore, be denied, but- as the case has been presented it should be, without costs.
Brady, J., concurs.